IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TONY RAY JONES #1312115 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv718 |
| R.H. WARREN | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Tony Jones, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is an officer of the Texas Department of Criminal Justice, Correctional Institutions Division named R.H. Warren.

**I. The Plaintiff's Claims and the Magistrate Judge's Report**

Jones complains that Warren used excessive force on him on April 17, 2015. After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed because Jones had previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. As a result, the magistrate judge determined, Jones cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger as of the time of the filing of the lawsuit, which was July 22, 2015. *See* 28 U.S.C. §1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

The magistrate judge also stated that allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the exception refers to a genuine emergency where time is pressing. *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see*

1

*also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," failed to sufficiently allege imminent danger). The magistrate judge therefore recommended that Jones' application for leave to proceed *in forma pauperis* be denied and that Jones' lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of his lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. The magistrate judge further recommended that should Jones pay the full filing fee of $400.00 within 15 days after the date of entry of dismissal, he be allowed to proceed as though the full fee had been paid from the outset.

## II. The Plaintiff's Objections

In his objections, Jones states that he has shown imminent danger because he was injured by the officer and received six stitches. He complains that Warren's actions violated TDCJ policy and says that he did not want the magistrate judge to preside over his case; while Jones signed a consent form, he explains that he mailed his lawsuit to the Beaumont Division of the Eastern District of Texas and believed the case would be handled by a judge of that division. He complains that to dismiss his lawsuit before it runs its full course shows bias and prejudice against *pro se* litigants and that dismissal prior to appointment of counsel only increases this bias and prejudice and amounts to an abuse of discretion.

## III. Analysis

The alleged assault by Officer Warren represents a past harm, not an imminent danger of serious physical injury. As such, it does not meet the exception to §1915(g). *See Baños*, 144 F.3d at 884 ("imminent danger" means at the time he seeks to file his lawsuit; allegations that prison officials sexually harassed the plaintiff by conducting body cavity searches before he filed his complaint did not suffice); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (allegations of past harm do not meet the imminent danger requirement). Whether or not Warren violated TDCJ

policy is irrelevant to the §1915(g) analysis. The case has not been assigned to the magistrate judge as the presiding judicial officer.

Because Jones has not met the requirements of §1915(g), his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g., Butler v. Williams*, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal). Jones has failed to show any error in the magistrate judge's report.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 4) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 2nd day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE